IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

        Plaintiff,                No. 2:11-cv-0035 KJN P

    vs.

M. MARTEL, Warden, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff has consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On January 4, 2011, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a request to proceed in forma pauperis.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff contends that at the time he was ordered to pay $10,000.00 in restitution, he was told he would be given a prison job to pay off the restitution order.[1] Plaintiff states he has

---

[1] In a petition for writ of habeas corpus filed in the Central District of California, plaintiff alleged:

1

a job that does not pay, and he alleges he cannot get a paid job due to medical problems. Plaintiff seeks to have restitution paid out of the hours he has been working since February 5, 2008. Plaintiff does not allege the violation of a specific constitutional or other federal right.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

---

> when [petitioner] was sentenced in 1994, a restitution fine was imposed and [petitioner] was told that he "would get a pay job in prison." Petitioner alleges that he had a wage-paying prison job years ago but, because of his health problems, the California Department of Corrections and Rehabilitation ("CDCR") no longer will assign him a "pay job" and is not letting him "work it [presumably, the restitution fine] off," and thus, he has no means of paying the restitution fine.

Welch v. McCarville, 2010 WL 1848156 at *1 (C.D. Cal. 2010).

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation; Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

First, plaintiff names the Secretary of the California Department of Corrections, and M. Martel, Warden of Mule Creek State Prison, as defendants.  Plaintiff has included no charging allegations against these defendants.  Simply naming these defendants, without more, is insufficient to state a cognizable claim against defendants Cate and Martel.

Second, plaintiff has failed to identify the federal right or statute he claims defendants have violated.  To the extent plaintiff contends his right to due process has been violated, his complaint fails to state a cognizable civil rights claim as more fully addressed

1  below.

2        The Due Process Clause of the Fourteenth Amendment prohibits any state

3  deprivation of life, liberty, or property without due process of law. Ingraham v. Wright, 430 U.S.

4  651, 672 (1977). To determine whether a due process violation has occurred, the court engages

5  in a two-step analysis. The court first considers whether the plaintiff possesses a constitutionally

6  protected interest with which the state has interfered. See Wilkinson v. Austin, 545 U.S. 209,

7  221 (2005) (court must determine whether a Fourteenth Amendment liberty interest is

8  implicated). If such an interest is implicated, the court then addresses the second step, and

9  determines whether the interference was accomplished by sufficient procedural safeguards. Id. at

10  224.

11        A protected liberty interest may arise from either the Due Process Clause of the

12  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

13  expectation or interest created by state laws or policies." Wilkinson, 545 U.S. at 221 (citations

14  omitted); Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Whether a state has established a

15  liberty interest through its prison regulations is determined by focusing on the nature of the

16  deprivation. Sandin, 515 U.S. at 484. These interests are limited to freedom from a restraint that

17  "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

18  prison life." Id. at 484.

19        This court concludes that plaintiff fails to state a due process claim because

20  plaintiff cannot allege that a right encompassed within the Fourteenth Amendment's protections

21  is implicated. Plaintiff has no liberty interest in having or keeping a particular prison work

22  assignment. Indeed, inmates have no constitutional right to work. Baumann v. Arizona Dep't of

23  Corrections, 754 F.2d 841, 845 (9th Cir. 1985). Although California created a sentence credit

24  scheme in exchange for performance in a work, training, or education program, the scheme does

25  not create a state liberty interest. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.

26  1986), cert. denied, 481 U.S. 1069 (1987) abrogated in part on other grounds by Sandin v.

Connor, 515 U.S. 472 (1995).[2] Moreover, the expectation of keeping a particular job, or any job, in prison does not implicate a property or liberty interest entitled to Fourteenth Amendment due process protection. James v. Quinlan, 866 F.2d 627, 630 (3rd Cir. 1989), cert. denied, 493 U.S. 870 (1989); see also Bravot v. Calif. Dept. of Corr., 2006 WL 47398 at *4 (E.D. Cal. Jan. 9, 2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position[.]")  Instead, particular job assignments of prisoners are matters of prison administration in which federal courts should not interfere. See Gardner v. Johnson, 429 F.Supp. 432, 434 (E.D. Mich. 1977) ("Federal courts have traditionally been reluctant to interfere in the administration of state prisons absent a clear showing of constitutional deprivation.").

      Because plaintiff has no liberty interest in his prison job, he cannot state a cognizable due process claim based on his allegation that he is not being paid for his current prison job, or that he wants his hours of work credited toward his restitution order. While it is commendable that plaintiff wishes to pay the restitution order, it may be that, due to plaintiff's medical problems, he will be unable to do so.[3]  It appears plaintiff cannot remedy this defect by filing an amended complaint. However, in an abundance of caution, the complaint will be dismissed with leave to amend, should plaintiff be able to state a cognizable civil rights claim.

      On the other hand, if plaintiff only intended to pursue a due process challenge concerning his prison job, plaintiff will be given an opportunity to voluntarily dismiss this action to avoid the imposition of the $350.00 filing fee. If plaintiff files a notice of voluntary dismissal

---

[2] Also, the California Constitution expressly disavows such a right. See Cal. Const. art. 14 § 5(c) ("Nothing in this section shall be interpreted as creating a right of inmates to work.").

[3] Plaintiff states that the prison informed him that "this problem is up to the court to . . . say how [his] restitution is to be [paid]." (Dkt. No. 1 at 2.) Plaintiff may be able to seek relief from the state court that entered the restitution order.

under Fed. R. Civ. P. 41(a), this action will be dismissed, and no filing fee will be incurred by plaintiff. However, if plaintiff files an amended complaint, plaintiff will be required to pay the $350.00 filing fee from his prison trust account.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice and submit the following documents to the court: the completed Notice; and, if plaintiff opts to amend, an original and one copy of the Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

welc0035.ntc

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

      Plaintiff,                                No. 2:11-cv-0035 KJN P

   vs.

M. MARTEL, Warden, et al.,               <u>NOTICE</u>

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

_____    Plaintiff voluntarily dismisses the January 4, 2011 civil rights complaint pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

OR

_____    Plaintiff chooses to amend his complaint and incur the $350.00 filing fee; a proposed Amended Complaint is appended.

DATED:

                                                        _____
                                                         Plaintiff