IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE EVERETT WELCH,

        Plaintiff,                   No. 2:11-cv-0035 KJN P

    vs.

M. MARTEL, Warden, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff has consented to proceed before the undersigned for all purposes.  <u>See</u> 28 U.S.C. § 636(c).  By order filed February 3, 2011, plaintiff's complaint was dismissed and plaintiff was granted the option of voluntarily dismissing his action because his claims concerning lack of a paid prison job failed to state a cognizable civil rights claim, or, in the event he could state a cognizable claim, filing an amended complaint.  On April 7, 2011, plaintiff filed an amended complaint.  Plaintiff was previously granted leave to proceed in forma pauperis.  (Dkt. No. 8.)

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5   U.S.C. § 1915(b)(2).

6          Plaintiff's amended complaint suffers from the same defects as his original

7   complaint.  Plaintiff contends the state superior court ordered plaintiff to pay $10,000.00 in

8   restitution, and the court allegedly told plaintiff he would be given a prison job to pay off the

9   restitution order.[1]  It appears plaintiff previously had a paying prison job, but due to health

10  problems he lost the paid position.  Plaintiff states the prison will not give plaintiff a paying job

11  because of plaintiff's medical problems.  Plaintiff has again failed to allege a violation of a

12  specific constitutional or other federal right.

13         The court is required to screen complaints brought by prisoners seeking relief

14  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

15  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

16  claims that are legally "frivolous or malicious," or that fail to state a claim upon which relief may

17  be granted.  28 U.S.C. § 1915A(b)(1),(2).

18  ////

19

20         [1]  In a petition for writ of habeas corpus filed in the Central District of California, plaintiff
    alleged:

21

22         when [petitioner] was sentenced in 1994, a restitution fine was
           imposed and [petitioner] was told that he "would get a pay job in

23         prison."  Petitioner alleges that he had a wage-paying prison job
           years ago but, because of his health problems, the California

24         Department of Corrections and Rehabilitation ("CDCR") no longer
           will assign him a "pay job" and is not letting him "work it

25         [presumably, the restitution fine] off," and thus, he has no means of
           paying the restitution fine.

26  Welch v. McCarville, 2010 WL 1848156 at *1 (C.D. Cal. 2010).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227.

7    The Civil Rights Act under which this action was filed provides as follows:

8    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
9    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
10   law, suit in equity, or other proper proceeding for redress.

11   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

12   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

13   Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

14   § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

15   (no affirmative link between the incidents of police misconduct and the adoption of any plan or

16   policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

17   another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

18   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

19   legally required to do that causes the deprivation of which complaint is made."  Johnson v.

20   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21   Moreover, supervisory personnel are generally not liable under § 1983 for the

22   actions of their employees under a theory of respondeat superior and, therefore, when a named

23   defendant holds a supervisorial position, the causal link between him and the claimed

24   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25   (9th Cir. 1979) (no liability where there is no allegation of personal participation; Mosher v.

26   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

1   there is no evidence of personal participation).  Vague and conclusory allegations concerning the

2   involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

3   of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

4   personal participation is insufficient).

5         First, plaintiff names Matthew L. Cates, Secretary of the California Department of

6   Corrections and Rehabilitation ("CDCR"),  and M. Martel, Warden of Mule Creek State Prison,

7   as defendants.  Plaintiff claims defendant Cates runs the CDCR, and tells staff what they can and

8   can't do, and alleges defendant Martel is in charge of the prison and its inmates, and what they

9   can and cannot do or what they get and do not get.  Plaintiff has failed, however, to indicate

10  either defendant is personally responsible for plaintiff's placement in a nonpaying position or had

11  any connection with this placement.  These allegations are insufficient to state a cognizable claim

12  against defendants Cate and Martel.

13        Second, plaintiff contends his due process rights under the Fourteenth

14  Amendment have been violated.  Plaintiff's amended complaint also fails to state a cognizable

15  civil rights claim as more fully addressed below.

16        The Due Process Clause of the Fourteenth Amendment prohibits any state

17  deprivation of life, liberty, or property without due process of law.  Ingraham v. Wright, 430 U.S.

18  651, 672 (1977).  To determine whether a due process violation has occurred, the court engages

19  in a two-step analysis.  The court first considers whether the plaintiff possesses a constitutionally

20  protected interest with which the state has interfered.  See Wilkinson v. Austin, 545 U.S. 209,

21  221 (2005) (court must determine whether a Fourteenth Amendment liberty interest is

22  implicated).  If such an interest is implicated, the court then addresses the second step, and

23  determines whether the interference was accomplished by sufficient procedural safeguards.  Id. at

24  224.

25        A protected liberty interest may arise from either the Due Process Clause of the

26  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

expectation or interest created by state laws or policies." Wilkinson, 545 U.S. at 221 (citations

omitted); Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Whether a state has established a

liberty interest through its prison regulations is determined by focusing on the nature of the

deprivation.  Sandin, 515 U.S. at 484.  These interests are limited to freedom from a restraint that

"imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life."  Id. at 484.

        This court concludes that plaintiff fails to state a due process claim because

plaintiff cannot allege that a right encompassed within the Fourteenth Amendment's protections

is implicated.  Plaintiff has no liberty interest in having or keeping a particular prison work

assignment.  Indeed, inmates have no constitutional right to work.  Baumann v. Arizona Dep't of

Corrections, 754 F.2d 841, 845 (9th Cir. 1985).  Although California created a sentence credit

scheme in exchange for performance in a work, training, or education program, the scheme does

not create a state liberty interest.  Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.

1986), cert. denied, 481 U.S. 1069 (1987) abrogated in part on other grounds by Sandin v.

Connor, 515 U.S. 472 (1995).[2]  Moreover, the expectation of keeping a particular job, or any job,

in prison does not implicate a property or liberty interest entitled to Fourteenth Amendment due

process protection.  James v. Quinlan, 866 F.2d 627, 630 (3rd Cir. 1989), cert. denied, 493 U.S.

870 (1989); see also Bravot v. Calif. Dept. of Corr., 2006 WL 47398 at *4 (E.D. Cal. Jan. 9,

2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a

particular job, he is not entitled to due process procedural protections prior to being deprived of

his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to

reinstatement in his old position[.]")  Instead, particular job assignments of prisoners are matters

of prison administration in which federal courts should not interfere.  See Gardner v. Johnson,

429 F.Supp. 432, 434 (E.D. Mich. 1977) ("Federal courts have traditionally been reluctant to

---

[2] Also, the California Constitution expressly disavows such a right.  See Cal. Const. art. 14 § 5(c) ("Nothing in this section shall be interpreted as creating a right of inmates to work.").

1  interfere in the administration of state prisons absent a clear showing of constitutional

2  deprivation.").

3            Because plaintiff has no liberty interest in his prison job, he cannot state a

4  cognizable due process claim based on his allegation that he is not being paid for a current prison

5  job, or that he wants his hours of work credited toward his restitution order.  While it is

6  commendable that plaintiff wishes to pay the restitution order, it may be that, due to plaintiff's

7  medical problems, he will be unable to do so.  Plaintiff has been provided one opportunity to file

8  an amended complaint in the unlikely event he could amend the complaint to state a cognizable

9  civil rights claim.  Plaintiff has attempted to remedy these defects, but again challenges his job

10  placement, which is not a constitutional violation.  Therefore, the amended complaint is

11  dismissed without leave to amend.

12            IT IS HEREBY ORDERED that:

13            1.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

15  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16  Director of the California Department of Corrections and Rehabilitation filed concurrently

17  herewith.

18            2.  Plaintiff's amended complaint is dismissed without prejudice, for failure to

19  state a claim, and this action is closed.

20  DATED:   April 21, 2011

21

22                                        _____
                                          KENDALL J. NEWMAN
23                                        UNITED STATES MAGISTRATE JUDGE

24  welc0035.dsm

25

26

6